## UNITED STATES DISTRICT COUPRT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

STANLEY HUMPHREYS,

     Plaintiff,

v.                                                      Case No. 6:26-CV-00853-GAP-RMN

VINTAGE IRONWORKS, L.L.C. and
WILLIAM WALTERS III,

     Defendant.

_____/

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Vintage Ironworks, L.L.C. and William Walters III ("Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff Stanley Humphreys's ("Plaintiff") Complaint and state as follows:

## INTRODUCTION

1.     Defendants deny the allegations in Paragraph 1.

2.     Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Defendants deny that Plaintiff is entitled to any relief.

3.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's current residence and therefore deny the allegations in Paragraph 3.

4.      Defendants admit that Vintage Ironworks, L.L.C. is a Florida limited liability company with its principal place of business at 671 Newburyport Avenue, Altamonte Springs, Florida 32701.

5.      Defendants admit that William Walters III is an individual residing in Seminole County, Florida and is the owner of Vintage Ironworks, L.L.C.

6.      Defendants admit that Mr. Walters had authority with respect to certain hiring, discipline, and termination decisions for Vintage Ironworks, L.L.C. Defendants deny the remaining allegations in Paragraph 6 to the extent they suggest any unlawful conduct or impose legal conclusions not requiring a response.

7.      Defendants deny the allegations in Paragraph 7 as stated. Defendants admit only that Vintage Ironworks, L.L.C. employed Plaintiff during portions of the relevant period. Defendants deny that Mr. Walters was Plaintiff's employer for purposes of liability under the FLSA.

8.      Defendants deny the allegations in Paragraph 8 as stated. Defendants admit only that Vintage Ironworks, L.L.C. employed Plaintiff during portions of the relevant period and maintained certain employment records.

9.      Defendants admit that Mr. Walters owns Vintage Ironworks, L.L.C. and acts as its managing member.

10.     Defendants deny the allegations in Paragraph 10, including that Mr. Walters devised any bifurcated payment scheme or routed overtime wages through a shell entity.

11. Defendants admit that Mr. Walters was involved in certain staffing decisions and that Plaintiff's employment ended on or about August 15, 2025. Defendants deny the remaining allegations in Paragraph 11 to the extent they imply unlawful conduct.

12. Defendants deny the allegations in Paragraph 12, including that Mr. Walters unilaterally altered Plaintiff's overtime compensation or instructed Plaintiff to create a corporate entity for off-the-books overtime payments.

13. Defendants deny the allegations in Paragraph 13 as stated. Defendants admit only that Plaintiff had job duties at Vintage Ironworks, L.L.C. and performed certain work for the company during his employment.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15 as stated. Defendants admit only that Plaintiff was employed by Vintage Ironworks, L.L.C. during portions of the relevant period.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17 as stated. Defendants admit only that Vintage Ironworks, L.L.C. employed Plaintiff during portions of the relevant period.

## JURISDICTION AND VENUE

18. Defendants admit that Plaintiff purports to invoke this Court's jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Defendants deny that Plaintiff is entitled to relief.

19. Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in Paragraph 19 to the extent they allege unlawful employment practices.

## FACTUAL ALLEGATIONS

20. Defendants admit that Vintage Ironworks, L.L.C. is engaged in commerce within the meaning of the FLSA for purposes of this action. Defendants deny any remaining allegations inconsistent with this admission.

21. Defendants admit that Vintage Ironworks, L.L.C. creates custom metal fabrications and uses materials in its business. Defendants lack knowledge or information sufficient to admit the precise origin or interstate movement of each material referenced in Paragraph 21 and therefore deny the remaining allegations.

22. Defendants admit that employees of Vintage Ironworks, L.L.C. handle materials used in the company's business. Defendants lack knowledge or information sufficient to admit the precise interstate movement of each item referenced in Paragraph 22 and therefore deny the remaining allegations.

23. Defendants admit, solely for purposes of this action, that Vintage Ironworks, L.L.C. met the FLSA's enterprise coverage threshold during relevant periods. Defendants deny any remaining allegations inconsistent with this admission.

24. Defendants admit that Vintage Ironworks, L.L.C. used ordinary business instrumentalities such as banking, credit-card processing, electronic

communications, insurance, and vendor services. Defendants deny any remaining allegations to the extent they imply unlawful conduct.

25. Defendants lack knowledge or information sufficient to admit Plaintiff's alleged individual coverage under the FLSA and therefore deny the allegations in Paragraph 25.

26. Defendants admit that Vintage Ironworks, L.L.C. employed Plaintiff during the period alleged. Defendants deny that Plaintiff's role was limited to "Welder and Fabricator" throughout the entire period.

27. Defendants deny the allegations in Paragraph 27 as stated.

28. Defendants deny the allegations in Paragraph 28 as stated. Defendants admit that Plaintiff performed welding and fabrication work at times, but deny that those duties accurately describe all of Plaintiff's primary duties during the relevant period.

29. Defendants admit that Plaintiff was paid on an hourly basis during relevant periods for his W-2 employment with Vintage Ironworks, L.L.C. Defendants deny the remaining allegations in Paragraph 29 to the extent they state legal conclusions or suggest that Plaintiff's separate vendor or contractor work through Stanley Architectural Metalworks LLC constituted compensable employee overtime.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31. Defendants state that Plaintiff performed managerial duties during relevant periods, including

5

directing fabrication-shop work, training employees, distributing projects, addressing daily work responsibilities, and participating in personnel matters relating to the fabrication shop. Defendants further state that Plaintiff's managerial duties were distinct from separate work performed through Stanley Architectural Metalworks LLC.

32.     Defendants deny the allegations in Paragraph 32. Defendants state that Plaintiff customarily and regularly directed the work of employees in the fabrication shop, including as many as seven direct reports at times, and was involved in recruiting, hiring, training, project distribution, daily work responsibilities, termination, and other personnel matters within the fabrication shop.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that Plaintiff's initial hourly rate was approximately $18.00 per hour.

35.     Defendants admit that Plaintiff submitted a notice of resignation in or around March 2023. Defendants lack knowledge or information sufficient to admit Plaintiff's stated reason for the resignation and therefore deny the remaining allegations.

36.     Defendants deny the allegations in Paragraph 36 as stated. Defendants admit that one of Plaintiff's paychecks was returned for insufficient fund but that Defendants promptly reissued a new check to Plaintiff.

37.    Defendants admit that Plaintiff returned to work for Vintage Ironworks, L.L.C. and that his rate of pay changed. Defendants deny any remaining allegations inconsistent with payroll records and demand strict proof thereof.

38.    Defendants admit that Plaintiff resumed employment with Vintage Ironworks, L.L.C. at or around the rate alleged. Defendants deny any remaining allegations inconsistent with payroll records.

39.    Defendants deny the allegations in Paragraph 39 as stated. Defendants state that Plaintiff requested an arrangement that would allow him to perform additional work for Vintage Ironworks, L.L.C. through a separate business entity rather than obtain a second job elsewhere, and that Defendants agreed to that arrangement as an accommodation to Plaintiff.

40.    Defendants admit that Vintage Ironworks, L.L.C. has historically paid overtime compensation to employees in accordance with applicable law, including payroll overtime compensation where owed. Defendants deny any remaining allegations inconsistent with payroll records or suggesting that Defendants adopted any unlawful overtime-avoidance scheme.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43 as stated. Defendants admit that Plaintiff was paid through W-2 payroll for employment work and separately received payments through or in connection with Stanley

Architectural Metalworks LLC for separate vendor or contractor work. Defendants deny that such separate payments were disguised employee overtime wages.

44. Defendants deny the allegations in Paragraph 44. Defendants state that payroll records reflect Plaintiff's W-2 employment compensation, and separate vendor or contractor payments to Stanley Architectural Metalworks LLC were not payroll hours.

45. Defendants deny the allegations in Paragraph 45 as stated. Defendants admit only that Plaintiff, through or in connection with Stanley Architectural Metalworks LLC, received separate payments for vendor or contractor work distinct from his W-2 employment duties. Defendants deny that those payments were off-the-books overtime wages.

46. Defendants deny the allegations in Paragraph 46. Defendants state that Plaintiff requested the separate business arrangement, organized Stanley Architectural Metalworks LLC, identified himself as its registered agent and manager, and used that entity in connection with work separate from his W-2 employment duties. Defendants deny that Mr. Walters instructed Plaintiff to create a corporate entity for the purpose of receiving off-the-books overtime payments.

47. Defendants deny the allegations in Paragraph 47. Defendants state that Plaintiff organized Stanley Architectural Metalworks LLC, identified himself as its registered agent and manager, and used that entity in connection with separate vendor or contractor work. Defendants further state that Plaintiff's own

post-employment communications characterized at least some claimed amounts as contractor-lien-related sums.

48. Defendants deny the allegations in Paragraph 48. Defendants state that Stanley Architectural Metalworks LLC performed, or was paid in connection with, separate vendor or contractor work, including work recorded in business records as building maintenance, subcontract manufacturing, tools, and split-account vendor payments.

49. Defendants deny the allegations in Paragraph 49. Defendants state that Plaintiff's separate vendor or contractor work included, among other things, building maintenance, servicing tooling and equipment, work relating to grinders, electrical hand tools, bandsaws, compressors, electrical panels, lighting, and time-clock systems, and other work distinct from his managerial duties during his W-2 employment shift.

50. Defendants deny the allegations in Paragraph 50. Defendants state that Plaintiff was paid for W-2 employment work through payroll and was separately paid for vendor or contractor work through or in connection with Stanley Architectural Metalworks LLC. Defendants deny that they failed to pay any overtime premium owed for compensable employee work.

51. Defendants deny the allegations in Paragraph 51. Defendants deny that any amounts properly owed as employee wages were misclassified as self-employment income or that Defendants shifted any employer tax obligation to Plaintiff in violation of the FLSA.

52.    Defendants admit that Plaintiff's hourly W-2 employment rate changed during his employment and that payroll records speak for themselves. Defendants deny the remaining allegations in Paragraph 52, including that any unlawful bifurcated payment scheme existed.

53.    Defendants deny the allegations in Paragraph 53 as stated and demand strict proof of Plaintiff's alleged hours worked in each workweek. Defendants deny that separate vendor or contractor work performed through or in connection with Stanley Architectural Metalworks LLC constituted compensable employee overtime.

54.    Defendants lack knowledge or information sufficient to admit Plaintiff's allegation that he worked approximately seventy-six compensable employee hours during the week ending January 24, 2025, and therefore deny the allegation. Defendants deny that any hours properly compensable as employee overtime were unlawfully paid off the books. Defendants state that any payroll records, vendor records, checks, invoices, recaps, or payment records speak for themselves.

55.    Defendants lack knowledge or information sufficient to admit Plaintiff's allegation that he worked approximately seventy-six compensable employee hours during the week ending February 14, 2025, and therefore deny the allegation. Defendants deny that any hours properly compensable as employee overtime were unlawfully paid off the books. Defendants state that any payroll

records, vendor records, checks, invoices, recaps, or payment records speak for themselves.

56. Defendants deny the allegations in Paragraph 56 as stated. Defendants state that payroll records reflect Plaintiff's W-2 employment compensation and that separate vendor or contractor payments were not payroll hours.

57. Defendants deny the allegations in Paragraph 57. Defendants admit only that Plaintiff or Stanley Architectural Metalworks LLC received separate payments for vendor or contractor work, and deny that those payments were disguised employee overtime wages.

58. Defendants admit that Plaintiff performed certain tasks relating to the time-clock system and payroll data entry at certain times. Defendants deny that such tasks were assigned unlawfully, performed without compensation owed, or performed as alleged in Paragraph 58. Defendants further state that certain time-clock, equipment, and facility-related work was separate from Plaintiff's W-2 employment duties and was paid through or in connection with Stanley Architectural Metalworks LLC.

59. Defendants admit that Vintage Ironworks, L.L.C. historically paid employees overtime compensation in accordance with applicable law, including through W-2 payroll where owed. Defendants deny that Plaintiff was subjected to any unlawful bifurcated W-2/1099 payment scheme. Defendants further state that

Plaintiff's separate arrangement was unique because Plaintiff requested a separate business arrangement to perform additional vendor or contractor work.

60.   Defendants deny the allegations in Paragraph 60. Defendants admit only that Plaintiff held and used the title Fabrication Manager at times, including in his own August 14, 2025 communication. Defendants deny that any title was used to evade the FLSA or avoid payment of overtime owed.

61.   Defendants deny the allegations in Paragraph 61.

62.   Defendants deny the allegations in Paragraph 62.

63.   Defendants deny the allegations in Paragraph 63.

64.   Defendants admit that Plaintiff sent a written communication to Mr. Walters on August 14, 2025. Defendants deny that the communication opposed unlawful compensation practices, complained about overtime, complained about W-2 or 1099 treatment, asserted rights under the FLSA, or constituted protected activity under the FLSA. The document speaks for itself.

65.   Defendants deny the allegations in Paragraph 65. Defendants deny that Plaintiff engaged in protected activity under the FLSA or that Defendants had legally sufficient notice of any alleged protected activity before Plaintiff's employment ended.

66.   Defendants admit that Plaintiff came to the premises on or about August 15, 2025, and that Plaintiff's employment ended on or about that date. Defendants deny the remaining allegations in Paragraph 66 as stated, including that Plaintiff's employment ended because of any protected activity.

12

67.   Defendants admit that Plaintiff's employment ended on or about August 15, 2025. Defendants deny that Plaintiff was unlawfully terminated.

68.   Defendants deny the allegations in Paragraph 68. Defendants state that Plaintiff's employment ended for legitimate, non-retaliatory reasons unrelated to any alleged assertion of FLSA rights.

69.   Defendants admit that Plaintiff's employment ended on or about August 15, 2025, after his August 14, 2025 communication. Defendants deny that the August 14, 2025 communication constituted protected FLSA activity or that Plaintiff's employment ended because of any protected activity or opposition to unlawful compensation practices.

70.   Defendants deny the allegations in Paragraph 70 as stated. Defendants state that Vintage Ironworks, L.L.C. issued a final payroll check to Plaintiff dated August 22, 2025, in the gross amount of $1,280.00, and mailed it to the address then available to Vintage Ironworks, L.L.C. Defendants deny that they unlawfully withheld Plaintiff's final paycheck.

71.   Defendants deny the allegations in Paragraph 71. Defendants deny that they engaged in any pattern or practice of violating the FLSA, deny that they willfully failed to pay overtime, deny that they misclassified employee overtime as independent-contractor payments, and deny that they failed to maintain records required by law.

72.    Defendants deny the allegations in Paragraph 72. Defendants state that payroll records, vendor records, checks, invoices, recaps, and other business records speak for themselves.

73.    Defendants deny the allegations in Paragraph 73. Defendants deny that any conduct was willful or that any three-year limitations period applies.

74.    Defendants deny the allegations in Paragraph 74. Defendants state that they acted in good faith and had reasonable grounds for believing their compensation practices complied with the FLSA, including because they paid W-2 wages and payroll overtime where owed and separately paid Plaintiff or his entity for distinct vendor or contractor work.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants lack knowledge or information sufficient to admit Plaintiff's fee arrangement with his counsel and therefore deny the allegations in Paragraph 78.

79.    Defendants deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief.

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 207(a)(1)
### FLSA UNPAID OVERTIME WAGES

80.    Defendants incorporate by reference their responses to Paragraphs 20 through 79 as if fully set forth herein.

81.    Defendants deny the allegations in Paragraph 81 as stated. Defendants admit only that Vintage Ironworks, L.L.C. employed Plaintiff during portions of the relevant period. Defendants deny that any separate vendor or contractor work performed through Stanley Architectural Metalworks LLC constituted compensable employee overtime.

82.    Defendants admit, solely for purposes of this action, that Vintage Ironworks, L.L.C. was subject to enterprise coverage under the FLSA during relevant periods. Defendants deny any remaining allegations in Paragraph 82.

83.    Paragraph 83 quotes in part from 29 U.S.C. § 207(a)(1), which speaks for itself. Defendants deny that they violated that statute.

84.    Defendants deny the allegations in Paragraph 84 as stated and demand strict proof of Plaintiff's alleged compensable employee hours worked in each workweek. Defendants deny that separate vendor or contractor work through Stanley Architectural Metalworks LLC should be included as employee overtime.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86. Defendants deny that any bifurcated payment scheme existed and deny that payments to or through Stanley Architectural Metalworks LLC were shell-entity payments for employee overtime.

87.    Defendants deny the allegations in Paragraph 87. Defendants deny that any employee wages were improperly treated as contractor compensation or that Plaintiff bore any tax burden on employee wages in violation of the FLSA.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89. Defendants deny that they acted willfully, deny that they adopted any fraudulent payment scheme, and deny that payroll records misrepresented compensable employee hours.

90.    Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93 and demand strict proof of all claimed damages. Defendants deny that Plaintiff is owed any unpaid overtime wages and deny that Plaintiff's damages could properly include payments made for separate vendor or contractor work through Stanley Architectural Metalworks LLC.

94.    Defendants deny the allegations in Paragraph 94 as stated. Defendants state that Plaintiff maintained or had access to records and information concerning his own claimed work, including records, communications, recaps, invoices, and payment information relating to work performed through or in connection with Stanley Architectural Metalworks LLC.

95.    Defendants deny the allegations in Paragraph 95 and demand strict proof of all claimed damages.

16

96.     Defendants deny the allegations in Paragraph 96. Defendants deny that they failed to make, keep, or preserve records required by the FLSA.

97.     Defendants deny the allegations in Paragraph 97. Defendants state that payroll records reflect W-2 employment compensation, and vendor or contractor records reflect separate payments to or through Stanley Architectural Metalworks LLC.

98.     Defendants deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief.

## CAUSES OF ACTION

### COUNT II
### 29 U.S.C. § 215(a)(3) & § 216(b)
### FLSA RETALIATION

99.     Defendants incorporate by reference their responses to Paragraphs 20 through 79 as if fully set forth herein.

100.    Defendants deny the allegations in Paragraph 100 as stated. Defendants admit only that Vintage Ironworks, L.L.C. employed Plaintiff during portions of the relevant period.

101.    Paragraph 101 quotes in part from 29 U.S.C. § 215(a)(3), which speaks for itself. Defendants deny that they violated that statute.

102.    Defendants deny the allegations in Paragraph 102. Defendants deny that Plaintiff engaged in protected activity under the FLSA before his employment ended.

103. Defendants deny the allegations in Paragraph 103. Defendants deny that they were aware of any protected FLSA activity by Plaintiff before his employment ended.

104. Defendants deny the allegations in Paragraph 104. Defendants deny that Plaintiff made legally sufficient complaints regarding the FLSA, overtime, W-2 or 1099 treatment, or any alleged unlawful compensation practice before his employment ended.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106. Defendants deny that they retaliated against Plaintiff, deny that any duties were assigned unlawfully or without compensation owed, deny that Plaintiff was unlawfully terminated, and deny that Defendants unlawfully withheld Plaintiff's final paycheck.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108. Defendants deny that Plaintiff engaged in protected FLSA activity, deny that any adverse employment action was causally connected to protected activity, and deny that the August 14, 2025 communication asserted FLSA rights or complained of unlawful compensation practices.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110. Defendants state that Plaintiff's employment ended for legitimate, non-retaliatory reasons unrelated to any alleged assertion of FLSA rights.

111.    Defendants deny the allegations in Paragraph 111. Defendants deny that Plaintiff suffered any recoverable damages caused by actionable retaliation. Defendants further state that any claim for back pay, front pay, lost benefits, or other economic damages is barred or reduced by Plaintiff's failure to mitigate, including his failure or refusal to accept available employment offered by Vintage Ironworks, L.L.C. after his employment ended.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113. Defendants deny that they retaliated against Plaintiff, deny that they acted willfully or intentionally, and deny that any final-pay issue was caused by retaliation or unlawful motive.

114.    Defendants deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief.

## PRAYER FOR RELIEF

131.    Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE Clause following paragraph 114.

## DEFENSES

Without assuming any burden of proof they would not otherwise bear, and expressly reserving the right to amend or supplement these defenses as discovery proceeds, Defendants assert the following affirmative defenses:

19

## FIRST DEFENSE

To the extent the Complaint, in whole or in part, fails to state a claim upon which relief may be granted, Defendants preserve all defenses available under Rules 8, 12, and 56 of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendants complied with the FLSA and paid Plaintiff all wages and overtime compensation owed, if any, for work performed as an employee. Plaintiff's separate vendor or contractor work through or in connection with Stanley Architectural Metalworks LLC was not compensable employee overtime.

## THIRD DEFENSE

Plaintiff performed separate vendor or contractor work through or in connection with Stanley Architectural Metalworks LLC, including building maintenance, tooling, equipment, lighting, time-clock, electrical, subcontract manufacturing, and related work distinct from his W-2 employment duties. Such work was not compensable employee overtime under the FLSA and should not be aggregated with Plaintiff's employee work hours.

## FOURTH DEFENSE

Plaintiff requested the separate business arrangement, organized Stanley Architectural Metalworks LLC, identified himself as its registered agent and manager, used that entity in connection with separate work, and submitted or controlled the recaps, calculations, and amounts requested for payment. These

20

facts bar or limit Plaintiff's claims, including his claims of willfulness, liquidated damages, retaliation, and damages.

## FIFTH DEFENSE

To the extent Plaintiff is found entitled to any additional compensation, Defendants are entitled to credit, offset, setoff, or recoupment for all amounts already paid to Plaintiff or Stanley Architectural Metalworks LLC for the work at issue, to the fullest extent permitted by law and without reducing Plaintiff's compensation below any amount required by the FLSA.

## SIXTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing their compensation practices complied with the FLSA. Defendants' good faith is supported by, among other things, their payment of W-2 wages through payroll, payment of payroll overtime where owed, payment of employer payroll taxes, historical practice of paying overtime compensation to employees, and separate treatment of Plaintiff's vendor or contractor work through or in connection with Stanley Architectural Metalworks LLC. Accordingly, Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260.

## SEVENTH DEFENSE

Any alleged violation of the FLSA was not willful. Defendants did not knowingly or recklessly disregard the FLSA. Plaintiff's claims are therefore limited by the applicable two-year statute of limitations.

21

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including 29 U.S.C. § 255(a). Because any alleged violation was not willful, Plaintiff may not recover for any period outside the FLSA's two-year limitations period.

## NINTH DEFENSE

Plaintiff's claim for damages, including any alleged back pay, front pay, lost benefits, or other economic loss, is barred or reduced by Plaintiff's failure to mitigate damages, including his failure or refusal to accept available employment offered by Vintage Ironworks, L.L.C. after his employment ended.

## TENTH DEFENSE

Plaintiff did not engage in protected activity under the FLSA, or alternatively did not engage in protected activity of which Defendants had legally sufficient notice. Plaintiff's August 14, 2025 communication did not complain about overtime, unpaid wages, W-2 or 1099 treatment, misclassification under the FLSA, or any asserted right protected by the FLSA, and did not provide Defendants fair notice that Plaintiff was asserting FLSA rights.

## ELEVENTH DEFENSE

Plaintiff cannot establish that any alleged protected activity was the but-for cause, motivating cause, or legally sufficient cause of any adverse employment action. Plaintiff's employment ended for reasons unrelated to any alleged assertion of FLSA rights.

## TWELFTH DEFENSE

Plaintiff's employment ended for legitimate, non-retaliatory reasons, including workplace conflict, loss of trust, disruption relating to Plaintiff's management role, and issues unrelated to any alleged assertion of FLSA rights.

## THIRTEENTH DEFENSE

Defendants would have made the same employment decision regardless of any alleged protected activity because the decision was based on legitimate, non-retaliatory reasons unrelated to the FLSA.

## FOURTEENTH DEFENSE

To the extent discovery reveals after-acquired evidence of misconduct or other facts that would have resulted in termination or other employment action, Plaintiff's damages and remedies are barred or limited.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred or limited to the extent he cannot prove that he performed compensable employee work in excess of forty hours in any particular workweek for which he was not properly compensated. Plaintiff may not establish FLSA liability merely by relying on separate vendor or contractor payments made to him or Stanley Architectural Metalworks LLC.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Defendants did not know and had no reason to know that Plaintiff was performing any alleged uncompensated employee overtime work. Defendants deny that vendor or

contractor work performed through or in connection with Stanley Architectural Metalworks LLC gave Defendants knowledge of unpaid employee overtime.

## SEVENTEENTH DEFENSE

Defendant William Walters III denies that he is individually liable under the FLSA and preserves all defenses to individual liability, including that any alleged violation was not caused by individual conduct sufficient to impose personal liability.

## EIGHTEENTH DEFENSE

Plaintiff's demand for emotional distress, mental anguish, humiliation, loss of dignity, punitive damages, or other non-economic damages is barred or limited to the extent such damages are unavailable, unsupported, duplicative, not recoverable under the FLSA provisions at issue, or not caused by any actionable conduct.

## NINETEENTH DEFENSE

Plaintiff's demand for front pay or other prospective relief is barred or limited because such relief is unsupported, speculative, avoidable, inappropriate under the circumstances, or reduced by Plaintiff's failure or refusal to accept available employment.

## TWENTIETH DEFENSE

Plaintiff's claims for attorneys' fees, costs, liquidated damages, compensatory damages, interest, and other relief are barred or limited to the

24

extent Plaintiff cannot satisfy the statutory, factual, or equitable requirements for such relief.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred or limited because Plaintiff himself treated, described, or pursued at least some disputed amounts as contractor or vendor amounts, including by asserting a contractor-lien theory after his employment ended. Those facts support Defendants' good faith, lack of willfulness, lack of retaliatory motive, and the separate nature of the disputed work.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer and affirmative defenses as additional facts are discovered or as justice requires under the Federal Rules of Civil Procedure.

Dated: June 5, 2026.                    Respectfully submitted,

*s/ Chelsea J. Getz*
Chelsea J. Getz, Esq.
Florida Bar No.: 1060200
Primary email: cgetz@bakerlaw.com
Secondary: lshahsailes@bakerlaw.com
            orlbakerdocket@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:  407-649-4000
Facsimile:  407-841-0168

***Counsel for Defendants***

25

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed on June 5, 2026, with the Clerk of Court using the CM/ECF system, which will deliver electronic notice of such filing to all counsel of record.

*s/ Chelsea J. Getz*
Chelsea J. Getz, Esq.