**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **STANLEY HUMPHREYS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 6:26-cv-00853-GAP-RMN** |
| **VINTAGE IRONWORKS, L.L.C., and WILLIAM WALTERS, III,** | ) | |
| **Defendants.** | ) | |

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 9/29/2026, with counsel for Plaintiff and counsel for Defendants both in attendance.

## 2. Deadlines and Dates

The parties request the following deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/1/2026 |

| | | |
|---|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 2/26/2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 6/30/2027 |
| | Defendant | 7/30/2027 |
| | Rebuttal | 8/31/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 9/30/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | Not Applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 11/19/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>To be selected by the parties | | 10/15/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 4/17/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 4/24/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 5/8/2028 |
| Month and year of the trial term. | | June, 2028 |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

This is an FLSA action. Plaintiff alleges that Defendants failed to pay him overtime compensation for hours worked in excess of forty per week and terminated his employment in retaliation for his complaints. Defendants allege that Plaintiff had

a separate contractor role that was exempt from overtime requirements and that his employment ended for non-retaliatory reasons.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.

☒ No; instead, the parties agree to these changes: notwithstanding the waiver in the FLSA Scheduling Order (ECF No. 15), the parties will exchange Rule 26(a)(1) initial disclosures by December 1, 2026.

B. Discovery may be needed on these subjects: Plaintiff's employment with Defendants; Plaintiff's personnel and employment records; Plaintiff's hours worked, wages, and compensation; Defendants' pay, timekeeping, and overtime policies and practices; Defendants' tax reporting of compensation paid to Plaintiff; the separation of Plaintiff's employment; Plaintiff's claims and alleged damages; and Defendants' affirmative defenses.

C. Discovery should be conducted in phases:

☒ No.

☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; the parties have agreed to the following protocol: i. The parties will serve discovery requests and responses via electronic mail in .pdf format. An original via U.S. Mail or hand delivery is not required. ii.

Service of responsive documents will be in .pdf format (unless the nature of the document prevents adequate conversion to paper or .pdf) via electronic mail or large file transfer. An original via U.S. Mail or hand delivery is not required. iii. Responses to interrogatories, requests to produce, and requests for admission will include both the question posed followed by the response. iv. Documents, including any electronic discovery, will be produced in .pdf format or by printing electronic documents (unless the nature of the document or the volume of documents prevents adequate conversion to paper or .pdf). Electronic discovery need not be produced in its natural form unless the authenticity of a particular document becomes an issue in the case. v. All parties provide consent that e-mail is an acceptable method of serving litigation papers regarding discovery and all other matters pursuant to Fed.R.Civ.P. 5(b)(2)(E).

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties will assert claims of privilege or work-product protection in accordance with Rule 26(b)(5)(A) and will address any inadvertent production of privileged or protected material in accordance with Rule 26(b)(5)(B) and Federal Rule of Evidence 502(b). The parties do not request an order under Rule 502(d) at this time.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

Respectfully submitted, this 30th day of September, 2026.

MACDONALD LAW, PLLC
420 SW 7th Street
Suite 1118
Miami, FL 33130
Telephone: (786) 500-9675

By: /s/ Kyle T. MacDonald
Kyle T. MacDonald
Florida Bar No. 1038749
kyle@macdonaldemploymentlaw.com

*Counsel for Plaintiff*

**BAKER & HOSTETLER, LLP**
200 South Orange Avenue
Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4000

By: /s/ Chelsea J. Getz
Chelsea J. Getz, Esq.
Florida Bar No. 1060200
cgetz@bakerlaw.com

*Counsel for Defendants*